UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICARDO GOMEZ, ) | |
| ) | |
| PLAINTIFF, ) | No. 16 C 7743 |
| ) | |
| v. ) | Judge Thomas M. Durkin |
| ) | |
| CITY OF CHICAGO, FIRE DEPARTMENT, ) | |
| ) | |
| DEFENDANTS. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ricardo Gomez brings this lawsuit alleging employment discrimination and a hostile work environment under federal and state law. The Defendant City of Chicago moves to dismiss. For the reasons set forth below, Defendant's motion is granted in part and denied in part.

**Standard**

A Rule 12(b)(6) motion challenges the sufficiency of the complaint. *See, e.g., Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels

and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Mann*, 707 F.3d at 877.

**Background**

Plaintiff is from Puerto Rico and identifies as Hispanic. He is a firefighter, and has been employed by the City of Chicago in that capacity since 2005. He has worked at multiple fire stations in the course of his career. In this lawsuit, he alleges that at the stations at Peterson and Pulaski and Foster and Claremont, he was subjected to a hostile work environment on account of his ethnicity and national origin. He does not allege the dates he worked at these locations, but from a review of his complaint to the Equal Employment Opportunity Commission ("EEOC"), it appears to have been some time in 2014.

In support of his claims, Plaintiff alleges that he was harassed by superiors for wearing casual clothes around the fire station, while non-Hispanic firefighters were not. He alleges to have been "treated like a rookie" despite his experience on the job, subjected to pranks (including the theft of his paycheck), and excluded from meal times with the other firefighters. He alleges that his colleagues made racist

2

jokes targeted at Hispanics, left a note in his locker that contained "a derogatory term for people of Hispanic origin and/or ethnicity," and placed a note with his gear that said "Get out and swim back to your s*** hole," which he understood to refer to his country of origin, Puerto Rico.

Plaintiff furthermore alleges that he was targeted on account of his ethnicity in a manner that threatened his life and physical wellbeing. For example, he alleges that his colleagues "sabotaged" his safety gear by smearing dirt on the visor attached to his helmet, removing the coverings from the helmet intended to protect his ears, placing a nail in his boot with the sharp end toward his foot, and removing his mask from its designated pouch. Finally, Plaintiff alleges that another firefighter moved toward him in a threatening manner while holding a knife. He states that the hostility he faced in the workplace caused him severe anxiety, elevated blood pressure requiring emergency medical treatment, and ultimately required him to take medical leave from the fire department (for an unspecified period of time).

Plaintiff alleges that he reported these acts of discrimination internally to several of his superiors: Lieutenant Peters, Battalion Chief Santucci, Lieutenant Ted Maj, and Assistant Deputy Fire Commissioner Mark Nielsen. He alleges that he was informed (though he does not allege by whom) that the Fire Department's Internal Affairs division would conduct an investigation of his allegations. However,

he was never advised of any investigation or action taken in the matter. He was transferred to another fire station.[1]

Plaintiff also alleges that on or about June 20, 2014, he filed a complaint with the Department of Human Resources of the City of Chicago. To date, he has not been advised whether the department concluded its investigation. To his knowledge, no action has been taken to punish past discrimination or to prevent ongoing discrimination.

On October 17, 2014, Plaintiff filed a written complaint of discrimination with the EEOC. The EEOC complaint contains a catalogue of alleged discriminatory acts similar to the ones set forth in the complaint. On May 12, 2016, the EEOC issued Plaintiff a Right to Sue letter. He then filed this action within the 90-day deadline set forth in the letter.

**Discussion**

In the first sentence of his lawsuit, Plaintiff generally alleges civil rights violations under Title VII, § 1981, and § 1983, and state law. Title VII permits hostile work environment claims against employers, as does Section 1981 when those claims are made on the basis of race, and Section 1983 when the defendant employer is a municipal body. Plaintiff never identifies in his complaint any Illinois statute or common law claim as a basis for recovery, and neither party addresses whether the factual allegations plausibly state a claim for relief under Illinois law. While "[a] plaintiff need not plead legal theories nor allege all the facts necessary to

---

[1] Plaintiff does not allege that this transfer was retaliatory or that it otherwise constituted an adverse employment action.

establish the essential elements of a legal theory," he must nevertheless put the defendant "on notice of the claims and the grounds they rest upon." *Pierce v. Ill. Dep't of Human Serv.*, 128 Fed. Appx. 534, 536-37 (7th Cir. 2005). Without even a reference to a state law cause of action, the Court does not consider Plaintiff to have put Defendant on notice of any claim under Illinois law. The Court therefore focuses its inquiry on the adequacy of the allegations in support of the Title VII, § 1981, and § 1983 claims.

In its motion to dismiss, the Defendant advances four arguments: (1) that the Chicago Fire Department is not a proper defendant in this case; (2) that punitive damages are not allowable under Title VII, § 1981 and § 1983 against a municipal defendant; (3) that Plaintiff has failed to state a claim for hostile work environment under Title VII; and (4) that Plaintiff has failed to identify a policy or custom of the City as required to sustain its claims under § 1981 and § 1983.[2] Each argument is addressed in turn.

---

[2] Defendant also argues that Plaintiff's § 1981 and § 1983 hostile work environment claims against the City are time barred because the last harassing act alleged took place sometime in 2014, more than two years before this suit was filed. The Court notes that the complaint does not set forth the specific dates of the events alleged, nor does it purport to be a comprehensive list of harassing conduct. So long as one of the acts contributing the hostile work environment claim occurred within the limitations period, the claim, even if also based on conduct outside the limitations period, is timely. *See Hildebrandt v. Illinois Dep't of Nat. Res.*, 347 F.3d 1014, 1036 n. 18 (7th Cir. 2003). The Court need not reach the issue of the affirmative defense of statute of limitations at this stage, however, because, for the reasons stated below, the Court finds that Plaintiff has failed to state a claim for municipal liability under *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Because the Plaintiff has not named any individual defendants in this case, there is no other possible basis for his claims under § 1981 and § 1983.

5

1. <u>The Fire Department is not a suable entity.</u>

Defendant City of Chicago is correct that the Fire Department is not properly named as a defendant. Because the Fire Department is "not a suable entity separate from the [City]" itself, it is dismissed from the case with prejudice and shall be stricken from the case caption. *West By & Through Norris v. Waymire,* 114 F.3d 646, 647 (7th Cir. 1997) ("The naming of the Town's Police Department as a defendant adds nothing."); *see also Stevanovic v. City of Chicago*, 896 N.E.2d 355, 356 (Ill. Ct. App. 2008) (noting that the Chicago Fire Department was dismissed from the case at an earlier stage in the litigation "because it is not a legal entity separate from the City"). The City of Chicago is the proper defendant in this case.

2. <u>Punitive damages may not be assessed against a government entity</u>.

The rule is clear: punitive damages are not allowable against a government entity under Title VII, § 1981a(b)(1) or § 1983. *See Hildebrandt,* 347 F.3d at 1031-32. Plaintiff does not respond to Defendant's argument in this aspect and so concedes the rule. The request for punitive damages in the complaint as currently crafted is disallowed.

3. <u>Plaintiff has alleged a hostile work environment under Title VII</u>.

To state a Title VII hostile work environment claim, a plaintiff must allege that (1) he was the subject of unwelcome harassment; (2) the harassment was based on his national origin or ethnicity (or another reason forbidden by Title VII); (3) the harassment was severe or pervasive so as to alter the conditions of employment and create a hostile or abusive working environment; and (4) there is a basis for

employer liability. *See Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826, 833-34 (7th Cir. 2015) (citation omitted). Defendant argues that Plaintiff's Title VII claim should be dismissed for failure to satisfy prongs two and three. Specifically, Defendant argues first that the complaint fails to directly tie the alleged discrimination to Plaintiff's ethnicity or national origin, and second that the alleged discrimination is not objectively hostile.

Plaintiff has adequately alleged harassment based on his ethnicity and national origin. He explicitly alleges that he was subjected to racist jokes and that racist notes were left in his locker and with his gear. *See Pierce v. Ill. Dept. of Human Serv.*, 128 Fed. Appx. 534, 538 (7th Cir. 2005) (permitting a Title VII complaint to proceed on the basis of alleged "jokes referring to race, posting of racist cartoons, offensive language including slurs (plural)"). He furthermore alleges that he was disciplined more harshly by his supervisors than non-Hispanic fire fighters and that he was targeted for pranks and excluded from firehouse activities by the other fire fighters at the stations on account of his ethnicity. While certain of the harassment alleged is not explicitly tied to ethnicity, it is reasonable to infer that Plaintiff's colleagues, due to his name and appearance, knew he was Hispanic. *See Huri*, 804 F.3d at 834 (finding prong two met on a motion to dismiss where the plaintiff alleged harassment and, because she wore a hijab to work and is of Arabic descent, it was reasonable to infer that the defendants knew she was Muslim). Plaintiff does not state that the examples of discriminatory harassment in his complaint are exhaustive, nor is he required to allege all of the facts logically

entailed by the claim. *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). He has alleged more than sufficient facts to permit the reasonable inference of harassment based on ethnicity.

Plaintiff has also adequately alleged severe and pervasive harassment creating an abusive work environment. The complaint details conduct that was directly threatening and hostile–the confrontation with another firefighter who had a knife, for example. It also alleges several acts taken by co-workers that put Plaintiff's life in danger, including placing a nail in his work boot, disabling safety mechanisms on his helmet and removing his mask from its proper location. These allegations sufficiently infer intolerable conditions of employment. Other allegations, such as being subjected to jokes and pranks and excluded from meal times with co-workers, are not by themselves sufficient to create intolerable work conditions. But all of the allegations must be reviewed in their totality. *See Huri*, 804 F.3d at 834. Here, Plaintiff meets the threshold to proceed to discovery.

It may be that once discovery has run its course, Plaintiff cannot produce evidence to survive summary judgement. But he has alleged enough to put Defendant on notice of his claims and the grounds upon which they rest. *See Pierce*, 128 Fed. Appx. at 538 (holding that once an employer is on notice of the basis of a Title VII claim, dismissal on the pleadings is only appropriate if it can be said "'beyond a doubt' that no relief could be granted under any set of facts consistent with the allegations"). Defendant's motion to dismiss the Title VII hostile work environment claim is denied.

4. <u>Plaintiff has not sufficiently alleged liability under *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978)</u>.

The elements of a hostile work environment claim under Title VII, § 1981, and § 1983 are the same. *See Egonmwan v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 845, 850 n. 7 (7th Cir. 2010) ("The same requirements for proving discrimination apply to claims under Title VII, § 1981, and § 1983."). However, unlike employers under Title VII, municipalities may not be held liable for employees' violations of § 1981 and § 1983 under a *respondeat superior* theory. *See Ball v. City of Indianapolis,* 760 F.3d 636, 643 (7th Cir. 2014) (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 736-37 (1989). This is because § 1983 provides the exclusive federal damages remedy for § 1981 claims against state actors, and a plaintiff seeking to establish municipal liability under § 1983 must "present sufficient evidence to show that the constitutional violation resulted from a municipal policy, custom or practice." *Waters v. City of Chicago*, 580 F.3d 575, 580 (7th Cir. 2009) (citing *Monell*, 436 U.S. at 694). This requirement "distinguish[es] acts of the *municipality* from acts of *employees* of the municipality, and thereby make[s] clear that municipal liability is limited to action for which the municipality is actually responsible." *Id.* at 580-81 (citing *Estate of Sims ex rel. Sims v. County of Bureau,* 506 F.3d 509, 515 (7th Cir. 2007)) (emphasis in *Estate of Sims).* "Misbehaving employees are responsible for their own conduct; units of local government are responsible only for their policies rather than misconduct by their workers." *Id.* (quotations omitted). A plaintiff can establish municipal liability by showing: (1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so

9

permanent and well settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policy-making authority. *See Waters*, 580 F.3d at 581 (citation omitted).

Construing the complaint in the light most favorable to Plaintiff, Plaintiff seems to anchor is his *Monell* claim in a combination of the second and third options (he certainly does not allege an express policy), citing the failure of senior fire department officials, the internal affairs division of the fire department, and the City's Department of Human Resources to investigate or otherwise respond to his complaints over a course of years. Indeed, "[a] municipal 'custom' may be established by proof of the knowledge of policymaking officials and their acquiescence in the established practice. The longstanding or widespread nature of a particular practice would support the inference that policymaking officials 'must have known about it but failed to stop it.'" *McNabola v. Chi. Transit Auth.*, 10 F.3d 501, 511 (7th Cir. 1993) (internal quotation marks and citations omitted). "[T]o have final policymaking authority, an official must possess '[r]esponsibility for making law or setting policy,' that is, 'authority to adopt rules for the conduct of government.'" *Wuerffel v. Cook Cty. Sheriff's Office*, 2016 WL 1660497, at *6 (N.D. Ill. Apr. 27, 2016) (citing *Rasche v. Vill. of Beecher*, 336 F.3d 588, 599 (7th Cir. 2003)).

Plaintiff's allegations are insufficient to meet this standard. Plaintiff does not allege that any of the officials within the Fire Department to whom he reported his concerns to were policymakers. Nor does he tie the knowledge of any of these

officials to any incident of harassment of Hispanic fire fighters other than his own. *Compare with McCormick*, 230 F.3d at 324-25 (finding a § 1983 claim adequately stated against the City where the plaintiff alleged knowledge by the City's highest level policymakers, including, specifically, the County Clerk, of a widespread custom of allowing white police officers to discriminate against African-American officers without fear of punishment). At best, then, Plaintiff has alleged that he filed personal, potentially "one-off" complaints with people who *may* have had policymaking authority and they failed to respond. It is unreasonable to infer a widespread policy or practice sufficient to form the basis of a municipal liability claim on these facts alone. Defendant's motion to dismiss the § 1981 and § 1983 claims is granted.

**Conclusion**

For the reasons set forth herein, Defendant's Motion to Dismiss, R. 10, is granted in part and denied in part. Plaintiff's claims under § 1981, § 1983, and state law are dismissed without prejudice. If Plaintiff believes he can cure the deficiencies identified in this Memorandum, he may file a motion for leave to file an amended complaint within 30 days of the date of this Order. The motion should attach the proposed amended complaint and be supported by a brief of no more than five pages describing how the proposed amended complaint cures the deficiencies in the current complaint. Should Plaintiff choose to file such a motion, Defendant should not respond unless ordered to do so by the Court.

ENTERED:

*Thomas M. Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: January 13, 2017