# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RICARDO GOMEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 16 C 7743 |
| v. ) | |
| ) | |
| CITY OF CHICAGO, ) | Judge Thomas M. Durkin |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION & ORDER

Plaintiff Ricardo Gomez alleges in this Title VII case that he was subjected to a hostile work environment on account of his ethnicity and national origin during his employment as a firefighter with defendant the City of Chicago. The City has filed a contested motion for entry of a confidentiality order governing discovery (R. 27) and submitted a proposed confidentiality order (R. 27-1). For the reasons explained below, the Court grants the City's motion in part and denies it in part.

Gomez has requested in discovery the findings and reports of the City's investigation into a complaint he submitted with the City's Department of Human Resources and any resulting disciplinary records. The City seeks "to have the documents related to the internal investigations by both the Equal Employment Opportunity Division of the City of Chicago and Internal Affairs" Division of the Chicago Fire Department "designated as 'Confidential'" and to "have disciplinary records of non-parties . . . be kept confidential as well." R. 32 at 1.

Gomez objects to these designations. Specifically, he takes issue with the following two subparts of paragraph 2 of the City's proposed confidentiality order: "As used in this Order, 'Confidential Information' means information designated as 'CONFIDENTIAL' by the producing party that falls within one or more of the following categories: . . . (g) personnel or employment records, including but not limited to disciplinary records, of a person who is not party to the case or (h) documents from any internal employer investigation into employee complaints." R. 27-1 at 1-2. Gomez also takes issue with paragraph 11 of the proposed confidentiality order, which provides procedures for the Court to decide how "Confidential Information" is to be treated during a later trial or hearing. *Id.* at 7.

Federal Rule of Civil Procedure 26(c)(1) permits the Court, "for good cause, [to] issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" that might arise during discovery. "Rule 26(c) allows a court to shield certain documents from the public when there is good cause to do so." *Bond v. Utreras,* 585 F.3d 1061, 1074 (7th Cir. 2009). The rule "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Gordon v. Countryside Nursing & Rehab. Ctr., LLC,* 2012 WL 2905607, at *2 (N.D. Ill. July 16, 2012). "The moving party bears the burden of showing good cause for a protective order. In determining whether there is good cause for a protective order, the court must balance the harm to the party seeking the protective order against the importance of public disclosure." *Sokol v. City of Chicago*, 2014 WL 5473050, at *1 (N.D. Ill. Oct.

29, 2014) (internal citations omitted); *accord Jacobs v. City of Chicago*, 2015 WL 231792, at *2 (N.D. Ill. Jan. 16, 2015); *Lane v. Salgado*, 2014 WL 889306, at *2 (N.D. Ill. Mar. 5, 2014).

As an initial matter, the Court considers the extent to which the records the City seeks to designate as confidential should be treated analogously to complaint register files ("CR files") "generated by police oversight agencies' investigations of citizen complaints of alleged police misconduct." *See Fraternal Order of Police, Chicago Lodge No. 7 v. City of Chicago*, 2016 IL App (1st) 143884, ¶ 1, *appeal denied sub nom. Fraternal Order of Police v. Chicago Police Sergeants Ass'n*, 60 N.E.3d 872 (Ill. 2016). "Courts in this district have frequently grappled with whether confidentiality orders should define CR files as confidential with varying results." *Jacobs*, 2015 WL 231792, at *1 (collecting cases).

Gomez relies on cases addressing CR files to support his argument against the disputed confidentiality order provisions. The City disagrees that the records at issue are analogous to CR files. It maintains that the unique public interest considerations that apply to "investigations of police misconduct initiated by public complaints" in CR files are lacking in the context of "work environment allegations" or "discipline imposed for conduct of a coworker for allegations against an employee personally." R. 32 at 3.

At least to the extent the Court can discern the contents of the records in question based on the generalized descriptions in the proposed confidentiality order, the Court agrees that they implicate different privacy considerations than CR files.

3

This is evidenced by the fact that Illinois courts have explicitly distinguished CR files from the types of records at issue here in the course of determining that CR files are subject to disclosure under the Illinois Freedom of Information Act ("IFOIA").[1] The Illinois Appellate Court in *Kalven v. City of Chicago*, distinguished investigations into CRs based on a complaint against a police officer filed by a public citizen from "adjudications of either an employee grievance or disciplinary case." 2014 IL App (1st) 121846, ¶ 14. The *Kalven* court explained that a CR does not deal with an employee grievance (*id.*) or "initiate [any] adjudication, nor can CRs themselves be considered disciplinary." *Id.* ¶ 20. On that basis, the *Kalven* court held that the IFOIA provision exempting "'[r]ecords relating to a public body's adjudication of employee grievances or disciplinary cases'" did not apply to CRs. *Id.* ¶¶ 14-32 (quoting 5 ILCS 140/1(7)(1)(n)). Unlike CR files, the "(g) . . . *disciplinary records*, of a person who is not party to the case or (h) documents from any internal employer investigation into *employee complaints*" (R. 27-1 at 1) that the City seeks to designate as confidential—to the extent they relate to an "adjudication" within the meaning of IFOIA—appear to fall within the IFOIA exemption addressed in *Kalven* and thus to be subject to different privacy considerations.

The City's proposed confidentiality order also seeks to designate as confidential "personnel . . . records" more generally. R 27-1 at 2. The Illinois Appellate Court has distinguished CR files from personnel files in several recent

---

[1] "IFOIA does not control this court's determination of whether 'good cause' has been shown" to enter a protective order. *Calhoun v. City of Chicago*, 273 F.R.D. 421, 423 (N.D. Ill. 2011). But it can be "helpful in making that determination." *Jacobs*, 2015 WL 231792, at *1 (citations omitted).

4

cases, explaining "that CR files are not personnel files in any sense because they pertain to the 'initiation, investigation, and resolution of complaints of misconduct made by the public against police officers.'" *Fraternal Order of Police*, 2016 IL App (1st) 143884, ¶ 50 (quoting *Watkins v. McCarthy*, 2012 IL App (1st) 100632, ¶ 20). The *Watkins* court therefore held that an exemption for personnel files in the prior version of IFOIA and provisions in Illinois' Personnel Record Review Act prohibiting disclosure of certain personnel records did not apply to CR files. 2012 IL App (1st) 100632, ¶¶ 19-20, 40-43. Because Illinois law differentiates between CR files and the types of records the City's proposed confidentiality order seeks to protect, the cases addressing CR files on which Gomez relies are of limited applicability here.

In any event, even if certain or all of the records at issue were analogous to CR files and subject to disclosure under IFOIA, that would not mean that the public should be able to access them during discovery in this case as Gomez argues. The Seventh Circuit in *Bond* determined that an intervenor did not have third-party standing to access CR files produced in discovery and designated as confidential pursuant to a protective order. 585 F.3d at 1073-78. Notably, the Seventh Circuit's holding did not prevent the intervenor from ultimately accessing CR files through IFOIA. Indeed, the same intervenor later brought the *Kalven* state court action in which Illinois Appellate Court held that CR files are not exempt from disclosure under IFOIA. 2014 IL App (1st) 121846, ¶ 22; *see also id*. ¶ 30 (explaining that the "protective order in *Bond*" had no "bearing on defendants' duty to disclose . . . pursuant to a FOIA request").

5

The Seventh Circuit made clear in *Bond* that "[t]here are good reasons to treat the public's right to access filed and unfiled discovery materials differently." 585 F.3d at 1074. As the Supreme Court has explained, "[m]uch of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984). And there is a "substantial interest" in ensuring that the discovery process is not "abuse[d]" such that it causes "damag[e] to reputation." *Id.* at 35 (quotation marks omitted). Thus, "[s]ecrecy is fine at the discovery stage, before the material enters the judicial record." *Bond*, 585 F.3d at 1075 (quotation marks omitted). "The rights of the public kick in when material produced during discovery is filed with the court." *Bond*, 585 F.3d at 1075; *accord City of Greenville, Ill. v. Syngenta Crop Prot., LLC*, 764 F.3d 695, 697 (7th Cir. 2014).

The question at this stage of the litigation is "whether the potential harm" to the individuals whose files are at issue "outweighs 'the importance of disclosure to the public'" of discovery materials. *Lane*, 2014 WL 889306, at *2 (quoting *Wiggins v. Burge,* 173 F.R.D. 226, 229 (N.D. Ill. 1997)). In support of its argument that the potential for harm is significant, the City cites its Diversity and Equal Employment Opportunity Policy, which provides that "[a]ll complaints and investigations will be kept confidential, to the extent possible . . . . In order to maintain confidentiality, the EEO Division may limit the distribution of the Investigation Report and the Investigative file." R. 32, Ex. A. The City explains that it has a substantial interest in "protect[ing] its investigation files to maintain the integrity of the investigation

6

and encourage complainant-employees and witnesses to be forthcoming," and further that "public disclosure of disciplinary documents of non-parties could cause embarrassment." R. 32 at 5.

For purposes of the discovery stage of this litigation, the Court finds that the significant privacy interests identified by the City outweigh the generalized public interest asserted by Gomez in "enabl[ing] the people to fulfill their duties of discussing public issues ... making informed judgments and monitoring government" (R. 31 at 6). As this Court explained when reaching a similar conclusion in *Lane*:

> This does not mean that [Gomez] will not have the opportunity to publicly file and thereby publicize information [in the files] at an appropriate time in the course of this litigation. On summary judgment or at trial, the Court will be required to address any evidence that is relevant to [Gomez's] claims, and in that context, [Gomez] may be permitted to expose that evidence to public scrutiny. Evidence that is necessarily part of the decision-making process almost always should be available to the public in order for the public to understand why a court or jury made a decision.

2014 WL 889306, at *2; *Wrice v. Burge*, 2016 WL 6962838, at *11 (N.D. Ill. Nov. 29, 2016) (same). If Gomez "believes public disclosure" of the files at issue "is necessary to the prosecution of his case, he should set forth why and seek leave before publicly filing any information contained in [those] files." *See Lane*, 2014 WL 889306, at *2.[2]

---

[2] Paragraph 11 of the proposed confidentiality order, with which Gomez takes issue, sets forth an appropriate procedure for reassessing the confidentiality designations of any documents that a party seeks to introduce at a trial or hearing. It provides: "Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties'

*In camera* review by this Court of the specific documents in question might be appropriate at that time. *See Watkins*, 2012 IL App (1st) 100632, ¶¶ 45-47 (remanding for *in camera* review of files in question to determine whether they should be made public under IFOIA). For discovery purposes, the Court finds that the City's confidentiality definitions are generally appropriate. *See City of Greenville*, 764 F.3d at 697 ("Requiring judges to vet *every* document" produced during discovery that is arguably confidential "would needlessly increase the district courts' workload").

The Court does, however, deny the City's motion and modify its proposed confidentiality order in one respect. Gomez correctly argues that "[t]he final outcome of cases in which discipline is imposed" is plainly not entitled to privacy protection under Illinois law. R. 31 at 6; *see also* 5 ILCS 140/1(7)(1)(c) ("the final outcome of cases in which discipline is imposed" are not exempt); *Fraternal Order of Police*, 2016 IL App (1st) 143884, ¶ 53 (same). The Court therefore modifies paragraph 2 of the proposed confidentiality order to include the following sentence at the end: "The final outcome of any adjudication of a complaint in which discipline was imposed may not be designated as Confidential Information."

## Conclusion

For these reasons, the Court grants the City's motion (R. 27) in part and denies it in part. The City should make the change identified above by the Court

---

attention by motion for in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial." R. 27-1 at 7.

8

and re-submit the revised confidentiality order, following the procedure outlined on the Court's website for proposed orders.

ENTERED:

*Thomas M Durkin*
Honorable Thomas M. Durkin
United States District Judge

Dated: November 17, 2017